**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER T. HARRELL, | No. 10-35549 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-03037-CL |
| v. | |
| SOUTHERN OREGON UNIVERSITY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted July 11, 2012
Portland, Oregon

Before: B. FLETCHER and PREGERSON, Circuit Judges, and WALTER, Senior District Judge.[**]

Plaintiff-Appellant Peter T. Harrell ("Harrell") appeals the district court's

grant of summary judgment for Defendants-Appellees in this 42 U.S.C. § 1983

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

action. The parties are familiar with the facts underlying the appeal and thus we do not include them here.

Courts may exercise their sound discretion in first deciding whether an individual and/or entity is entitled to qualified immunity *before* deciding whether the facts alleged make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). We exercise that discretion and we conclude that Appellees are entitled to qualified immunity.

A defendant is entitled to qualified immunity if the purported constitutional right was not "clearly established" at the time of the challenged conduct. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). To be clearly established, a right must be sufficiently clear "that every reasonable official would have understood that what he is doing violates that right." *Id.* at 2083 (internal marks omitted).

The "clearly established" standard is not satisfied here and thus, Appellees are entitled to qualified immunity. Harrell alleges that his First Amendment constitutional rights were violated by the Appellees. The extent of Harrell's alleged First Amendment rights in the university context were not clearly established at the time the events took place. As our court noted in a divided opinion, "the appropriate speech standard for college and graduate students speech

remains an open question in this circuit." *Brown v. Li*, 308 F.3d 939, 960 (9th Cir. 2002) (Reinhardt, J., concurring in part and dissenting in part); *see id.* at 951 (noting that, "[w]e do not know with certainty that the Supreme Court would hold that *Hazelwood* controls the inquiry into whether a university's requirements for and evaluation of a student's curricular speech infringe that student's First Amendment rights"); *see also Flint v. Dennison*, 488 F.3d 816, 829 n.9 (9th Cir. 2007) (noting that, neither this court nor the Supreme Court have definitively decided what standard applies in evaluating First Amendment claims in the university context and also noting that our sister circuits are split on the issue). Because "the contours of [Harrell's First Amendment] right[s] [were not] sufficiently clear that every reasonable official would have understood that what he is doing violates that right," Appellees are entitled to qualified immunity. *al-Kidd*, 131 S. Ct. at 2083 (internal marks omitted).

Accordingly, the district court's grant of summary judgment is AFFIRMED.